IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON CIAROCHI,<br>*Plaintiff*,<br><br>v.<br><br>BANK OF NEW YORK MELLON and its successors and/or assigns, PHH MORTGAGE CORPORATION, and its successors and/or assigns; ONITY GROUP, INC., and its successors and/or assigns,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-cv-2504-G-BK |

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

TO THE HONORABLE A. JOE FISH:

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants The Bank of New York Mellon f/k/a The Bank of New York Successor in Interest to JPMorgan Chase Bank, National Association, as Trustee of Bear Stearns Alt-A Trust 2005-9, Mortgage Pass-Through Certificates Series 2005-9 ("Bank of New York Mellon"), Onity Mortgage Corporation f/k/a PHH Mortgage Corporation ("Onity"), and Onity Group Inc. ("Onity Group") (collectively, "Defendants") file this Motion to Dismiss[1] and respectfully show the Court the following:

[1] Generally, a defendant who did not answer before removal must answer or present other defenses or objections within 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief. FED. R. CIV. P. 81(c)(2)(A). Plaintiff failed to serve Defendants as required by the Federal Rules of Civil Procedure. Nevertheless, the Defendants recognize their obligation to answer or otherwise respond within 21-days given the Defendants' appearance in the lawsuit on August 19, 2025.

# TABLE OF CONTENTS


I. INTRODUCTION ........ 8

II. FACTUAL BACKGROUND ........ 8

III. GROUNDS FOR DISMISSAL ........ 9

IV. ARGUMENTS AND AUTHORITY ........ 10

A. Plaintiff has Failed to State Either a Claim to Quiet Title or a Claim to Trespass to Try Title Because He Has Failed to Allege That He Has Superior Title. ........ 11

B. Plaintiff's Breach of Contract Claim Fails Because Plaintiff Failed to Allege any Specific Contract or Contractual Provision Breached. ........ 13

C. Plaintiff's Cause of Action under the Truth in Lending Act and Regulation Z Should Fail Because Plaintiff Fails to State a Plausible Claim for Relief. ........ 14

D. Plaintiff's Claims for Estoppel and Unclean Hands Should be Dismissed for Failing to State a Claim Upon which Relief Can be Granted. ........ 15

E. Plaintiff's Claim Under the Texas Debt Collection Practices Act Fails Because it is Barred by the Doctrine of Res Judicata. ........ 15

F. Plaintiff's Common Law Fraud Claim and Negligent Misrepresentation Claim Fail Because They are Barred by the Economic Loss Rule. ........ 18

G. Plaintiff's Negligence and Gross Negligence Claims Fail Because Defendants Did Not Owe a Legal Duty to Plaintiff and Because Plaintiff's Negligence Claims are Barred the Economic Loss Rule. ........ 19

H. Plaintiff Fails to State a Claim Under the Deceptive Trade Practices Act Because Plaintiff is not a Consumer as Defined by the Act. ........ 20

I. The Court Should Deny Plaintiff's Requests for Damages, Attorney's Fees, and Other Injunctive and Declaratory Relief. ........ 22

V. CONCLUSION ........ 22

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Allied World Ins. Co. v. Am. W. Steel, LLC*,
No. H-17-3608, 2018 WL 6602153 (S.D. Tex. Dec. 17, 2018) ....................15

*Bagley v. PennyMac Corp.*,
No. 3:16-CV-0420-N, 2016 WL 7190758 (N.D. Tex. Oct. 19, 2016) ....................15

*Barajas v. Maverick Transp. LLC*,
No. 3:24-cv-01910-BT, 2024 WL 4668553 ....................11

*Barnhizer v. Am. Airlines, Inc.*,
2024 WL 4758821 (N.D. Tex. Nov. 12, 2024)....................16

*Beam v. Caliber Home Loans, Inc.*,
No. 3:19-CV-01201-M-BT, 2020 WL 5868567 (N.D. Tex. Aug. 27, 2020) ....................12

*Booth v. U.S. Bank, N.A.*,
No. 3:23-CV-02148-K-BN, 2024 WL 4546667 (N.D. Tex. Oct. 1, 2024)....................14

*Bryant v. JP Morgan Chase Bank*,
No. 3:12-CV-2650-M, 2013 WL 664708 (N.D. Tex. Feb. 4, 2013)....................12

*Burch v. JPMorgan Chase Bank, N.A.*,
No. 3:19-CV-0645-N-BH, 2019 WL 4919018 (N.D. Tex. Sept. 3, 2019) ....................21

*Calihan v. PennyMac Loan Servs. LLC*,
3:25-CV-01468 (N.D. Tex. June 9, 2025) ....................8

*Colbert v. Wells Fargo Bank, N.A.*,
850 Fed.Appx. 870 (5th Cir. 2021)....................20

*Coleman v. Sweetin*,
745 F.3d 756 (5th Cir. 2014) ....................11

*Davis v. Wells Fargo Bank, N.A.*,
No. 3:13-CV-1759-N, 2014 12834800 (N.D. Tex. Sept. 23, 2014) ....................19

*Douglas v. Wells Fargo Bank, N.A.*,
992 F.3d 367 (5th Cir. 2021) ....................22

*Fantroy v. First Fin. Bank, N.A.*,
No. 3:12-CV-82-N-BH, 2013 WL 4434913 (N.D. Tex. Aug. 19, 2013) ....................9, 14

*Garcia v. Bank of Am., N.A.*,
No. 3:13-CV-00001-P, 2013 WL 12136510 (N.D. Tex. Apr. 2, 2013)....................................11

*Gatling v. CitiMortgage, Inc.*,
No. H-11-2879, 2012 WL 3756581 (S.D. Tex. Aug. 28, 2012)..............................................21

*Green Int'l, Inc. v. Solis*,
951 S.W.2d 384 (Tex. 1997)...................................................................................................22

*Hand v. Trumball Ins. Co.*,
No. 2:21-CV-135-BR, 2022 WL 22887537 (N.D. Tex. Aug. 12, 2022)..................................19

*Holloway v. Wells Fargo Bank, N.A.*,
No. 3:12-CV-2184-G (BH), 2013 WL 1187156 (N.D Tex. Feb. 26, 2013).......................20, 21

*Hurd v. BAC Home Loans Servicing, LP*,
880 F.Supp.2d 747 (N.D. Tex. Mar. 29, 2012).......................................................................21

*Johnson v. Kroger Co.*,
No. 3:08-CV-1714-P, 2010 WL 11618671 (N.D. Tex. Mar. 30, 2010) ......................15, 16, 17

*Kim v. Nationwide Mut. Ins. Co.*,
614 F.Supp.3d 475 (N.D. Tex. July 11, 2022)........................................................................13

*Kingman Holdings, L.L.C. v. U.S. Bank, N.A.*,
No. SA-15-CV-370-OLG, 2018 WL 1415772 (W.D. Tex. Mar. 21, 2018)............................22

*Miller v. CitiMortgage, Inc.*,
970 F.Supp.2d 568 (N.D. Tex. Sept. 5, 2013) ........................................................................13

*Milton v. U.S. Bank Nat. Ass'n*,
508 Fed.Appx. 326 (5th Cir. 2013).........................................................................................20

*Misczak v. Ocwen Loan Servs. LLC*,
No. 4:15-CV-381-O, 2015 WL 11120524 (N.D. Tex. Sept. 2, 2015) ....................................12

*In re Parker*,
655 Fed. Appx. 993 (5th Cir. 2016).........................................................................................18

*Poff v. PHH Mortgage Corp.*,
No. 4:20-CV-04018, 2023 WL 11983790 (S.D. Tex. Apr. 18, 2013)..............................16, 17

*Poff v. PHH Mortgage Corporation*,
Case No. 4:20-CV-04018.........................................................................................................16

*Randall D. Wolcott, M.D., P.A., v. Sebelius*,
635 F.3d 757 (5th Cir. 2011) ...............................................................................................8, 9

*Reynolds v. Bank of Am., N.A.*,
No. 3:12-CV-1420-L, 2013 WL 796730 (N.D. Tex. Mar. 5, 2013) ....................................... 13

*Robinson v. Bank of Am., N.A.*,
No. 3:13-CV-869-L-BK, 2013 WL 7877027 (N.D. Tex. Sept. 11, 2013) .............................. 12

*Rocha v. U.S. Bank N.A. For Registered Holders of Structured Asset Sec. Corp. Mortg. Pass-Through Certificates Series 2007-TCI*,
No. EP-16-CV-00417-DCG, 2017 WL 3723679 (W.D. Tex. Aug. 1, 2017) ........................... 8

*Rojas v. Wells Fargo Bank, N.A.*,
571 F. App'x 274 (5th Cir. 2014) ........................................................................................ 21

*Smith Int'l, Inc. v. Egle Group, LLC*,
490 F.3d 380 (5th Cir. 2007) .............................................................................................. 13

*Smith v. JPMorgan Chase Bank, Nat. Ass'n*,
No. 3:14-CV-2402-M-BN, 2014 WL 6790749 (N.D. Tex. Dec. 2, 2014) ............................. 15

*Stanley Indus. of S. Fla. v. J.C. Penney Co.*,
No. 3:05-CV-2499-L, 2006 WL 2432309 (N.D. Tex. Aug. 18, 2006) ................................... 19

*Tabor v. Wells Fargo Bank, N.A.*,
No. 1:19-CV-192-LY-SH, 2019 WL 4724033 (N.D. Tex. Sept. 26, 2019) ........................... 18

*United States v. Candy*,
No. 3:23-CV-01900-E-BT, 2025 WL 2263722 (N.D. Tex. July 1, 2025) .............................. 11

*Val-Com Acquisitions Trust v. Wells Fargo Bank, Nat. Ass'n*,
No. 3:10-CV-1331-L, 2011 WL 2517230 (N.D. Tex. June 23, 2011) ................................... 22

*Wease v. Ocwen Loan Servicing, L.L.C.*,
915 F.3d 987 (5th Cir. 2019) .............................................................................................. 15

*Williams v. Chase Home Fin.*,
No. 3:13-CV-1307-G (BH), 2014 WL 4707543 (N.D. Tex. Sept. 22, 2014) .......................... 14

**Statutes**

Texas Finance Code § 392.303(a)(2) ................................................................................ 16

Texas Deceptive Trade Practices Act ........................................................................... 20, 21

Texas Debt Collection Practices Act ..................................................... 9, 14, 15, 16, 17

Texas Property Code § 51.016 ........................................................................................... 22

Truth in Lending Act ................................................................................................... 14, 15

**Other Authorities**

**Exhibit A** ....................................................................................................................8

**Exhibit B** ....................................................................................................................9

**Exhibit C-1** ..................................................................................................................15

**Exhibit C-2** ..................................................................................................................16, 17

**Exhibit C-3** ..................................................................................................................16, 17

**Exhibit C-4** ..................................................................................................................16, 17

Fed. R. Civ. P. 8(a)(2)........................................................................................................10

Fed. R. Evid. 201(b)..........................................................................................................8, 9

Fed. R. Civ. P. 8(a) and Rule 9(b) ......................................................................................19

Fed. R. Civ. P. 12(b)(6)......................................................................................................11

## I. INTRODUCTION

This is the second lawsuit in the last ten months filed by Jason Ciarochi ("Plaintiff"), a *pro se* attorney who regularly represents individuals in foreclosure proceedings, for the sole purpose of preventing a foreclosure that Bank of New York Mellon has a legal right to perform.[2] Indeed, despite borrowing money and promising to pay it back, Plaintiff has repeatedly failed to repay the amounts he owes resulting in foreclosure. Because Plaintiff fails to state a claim upon which relief can be granted, Defendants respectfully request the Court grant this Motion and dismiss Plaintiff's claims with prejudice.

## II. FACTUAL BACKGROUND[3]

On August 12, 2005, Plaintiff obtained a mortgage loan in the original principal amount of $157,600.00 from GreenPoint Mortgage Funding, Inc, to purchase real property located at 3542 Waldorf Drive, Dallas, Texas 75229 (the "Property").[4] In connection with this transaction, Plaintiff signed a promissory note (the "Note") and granted his lender a lien on the property by signing a Deed of Trust.[5] The Note and Deed of Trust are referred to herein as the "Loan." Despite Plaintiff's promise to pay under the Loan, Plaintiff defaulted. On May 28, 2026, Defendants filed

---

[2] Plaintiff is a practicing attorney who regularly represents individuals in foreclosure proceedings such as these in the Northern District of Texas—Dallas Division. *See Calihan v. PennyMac Loan Servs. LLC*, 3:25-CV-01468 (N.D. Tex. June 9, 2025). Indeed, Plaintiff filed a virtually identical suit in the 298th District Court, Dallas County, Texas, on September 5, 2025, which was subsequently removed to this Court and later voluntarily dismissed after Defendants filed a Motion to Dismiss. *See Ciarochi v. PHH Mortgage Corp., et al.*, No. 3:25-cv-2534 (N.D. Tex. Sept. 19, 2025), ECF Nos. 1, 7, 8, 9.

[3] Although the allegations in the Complaint must be taken as true in this Motion, Defendants reserve the right to challenge those factual allegations in the future.

[4] Doc. No. 1-4 at p. 5. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit A** and incorporated herein by reference. Defendants respectfully request that the Court take judicial notice of the Deed of Trust, which was recorded in the Official Records of Dallas County, Texas, on August 16, 2005, under Document No. 200503474258. *See* Fed. R. Evid. 201(b); *see Randall D. Wolcott, M.D., P.A., v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *see also Rocha v. U.S. Bank N.A. For Registered Holders of Structured Asset Sec. Corp. Mortg. Pass-Through Certificates Series 2007-TCI*, No. EP-16-CV-00417-DCG, 2017 WL 3723679, at *2 n.4 (W.D. Tex. Aug. 1, 2017) (taking judicial notice of deed).

[5] **Exhibit A** at p. 1.

a Notice of Foreclosure Sale in the Official Public Records of Dallas County, Texas, stating that Bank of New York Mellon was the current mortgagee under the Loan, that Onity was the mortgage servicer, and that the Property was scheduled for a foreclosure sale on July 7, 2926.[6]

On July 10, 2026, after the foreclosure sale had already occurred, Plaintiff initiated a state court proceeding pro se by filing an Original Petition (the "Complaint") in the 162nd Judicial District Court of Dallas County, Texas, under Cause No. DC-26-12700, styled as *Jason Ciarochi v. Bank of New York Mellon, et al*,[7] in a legally and factually unsupported attempt to delay foreclosure proceedings a second time. In his Complaint, ***which is virtually identical to the Complaint in his first filed suit***, Plaintiff asserts claims to quiet title, trespass to try title, breach-of-contract, violations of the Truth in Lending Act and Regulation Z, Estoppel, unclean hands, common law fraud, negligence, negligent misrepresentation, fraud, and violations of the Texas Debt Collection Practices Act and the Deceptive Trade Practices Act.[8]

## III. GROUNDS FOR DISMISSAL

As shown below, Plaintiff fails to state any claim upon which relief can be granted. The Court should dismiss Plaintiff's claims for the following reasons:

First, Plaintiff's quiet title and trespass to title claims fail because Plaintiff has not alleged the essential elements to support his claims.

Second, Plaintiff's breach-of-contract claim fails because Plaintiff has not pled the essential elements to support his claim.

---

[6] A true and correct copy of the Notice of Foreclosure Sale is attached hereto as **Exhibit B** and incorporated herein by reference. Defendants respectfully requests that the Court take judicial notice of the Notice of Foreclosure Sale filed in the Official Public Records of the Recording Division of Dallas County, Texas. *See* Fed. R. Evid. 201(b); *see also Sebelius*, 635 F.3d at 763.

[7] Although filed in the 162nd District Court, the matter was subsequently transferred to the 298th District Court due to Plaintiff's previous lawsuit against Defendants. *See* Doc. No. 1-4 at 3.

[8] *See generally* Doc. No. 1-4; *see also Jason Ciarochi v. PHH Mortgage Corp. et al.*, No. 3:25-CV-2534 (N.D. Tex. Sept. 19, 2025), ECF. No. 1-4.

Third, Plaintiff's Truth in Lending Act and Regulation Z claims fail because Plaintiff has not alleged the provisions Defendant allegedly violated.

Fourth, Plaintiff's claims of estoppel and unclean hands fail because they are affirmative defenses that do not provide a recoverable cause of action.

Fifth, Plaintiff's Texas Debt Collection Practices Act claim fails because it is barred by principles of res judicata.

Sixth, Plaintiff's common law fraud and negligent misrepresentation claims fail because they are barred by the economic loss rule.

Seventh, Plaintiff's negligence claims fail because Plaintiff has not pled the essential elements to support the claims and because they are barred by the economic loss rule.

Eighth, Plaintiff's Deceptive Trade Practices Act claim fails because Plaintiff has not alleged he is a consumer as provided by the Act.

Because Plaintiff has not alleged any viable claims against Defendants, Plaintiff is not entitled to recover the relief he seeks. Accordingly, the Court should dismiss all claims with prejudice.

## IV. ARGUMENTS AND AUTHORITY

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Fifth Circuit has summarized the pleading standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (citation modified). Rule 12(b)(6) permits a party to move for dismissal of any claim that lacks factual plausibility. *Barajas v. Maverick Transp. LLC*, No. 3:24-cv-01910-BT, 2024 WL 4668553, at *1 ("Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because Plaintiff's claims against Defendants lack factual plausibility, his claims should be dismissed.

### A. Plaintiff has Failed to State Either a Claim to Quiet Title or a Claim to Trespass to Try Title Because He Has Failed to Allege That He Has Superior Title.

"The elements of a cause of action to quiet title are (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." *Garcia v. Bank of Am., N.A.*, No. 3:13-CV-00001-P, 2013 WL 12136510, at *3 (N.D. Tex. Apr. 2, 2013) (citing *Cruz v. CitiMortgage, Inc.,* No. 3:11-CV-2871-L, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012)). To establish these elements, "a plaintiff must allege 'a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.'" *Id.* (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). Importantly, "a plaintiff must rely on the strength of his own title," rather than on any perceived weakness of the defendant's. *United States v. Candy*, No. 3:23-CV-01900-E-BT, 2025 WL 2263722, at *3 (N.D. Tex. July 1, 2025), *report and recommendation adopted*, 2025 WL 2256558 (N.D. Tex. Aug. 7, 2025) (citing *Epstein v. U.S. Bank Nat'l Ass'n*, 540 F. App'x 354, 358 (5th Cir. 2013) (per curiam)). Additionally, "tender of the amount due under a loan agreement is a requirement to bring a quiet title claim." *Beam v. Caliber Home Loans, Inc.*, No. 3:19-CV-01201-M-BT, 2020 WL 5868567, at *3 (N.D. Tex. Aug. 27, 2020) (citations omitted).

A trespass to try title claim "is the method of determining title to lands, tenements, or other real property." *Id.* (quoting TEX. PROP. CODE § 22.001(a)). To prevail on a suit based on trespass to try title, a plaintiff must: "(1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations; or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Robinson v. Bank of Am., N.A.*, No. 3:13-CV-869-L-BK, 2013 WL 7877027, at *2 (N.D. Tex. Sept. 11, 2013) (citing TEX. PROP. CODE § 22.001). Like in a quiet title claim, the plaintiff must "prevail on the superiority of his title, not on the weakness of the defendant's title." *Misczak v. Ocwen Loan Servs. LLC*, No. 4:15-CV-381-O, 2015 WL 11120524, at *3 (N.D. Tex. Sept. 2, 2015) (quoting *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)).

Here, Plaintiff fails to allege either a quiet title claim or a trespass to try title claim because, while Plaintiff states that he has an interest in the underlying real property which he obtained through a warranty deed, he has failed to explain why this claim is superior to Defendant's lien.[9] Specifically, Plaintiff admits that Bank of New York Mellon, as the current mortgagee of the Loan, had the authority to enforce its claim against Defendant because he had been in default under the terms of the Loan.[10] This admission cuts directly against Plaintiff's claims that his interest is superior to Defendant Bank of New York Mellon's lien or that Defendant Bank of New York Mellon's interest is invalid or unenforceable. *See Bryant v. JP Morgan Chase Bank*, No. 3:12-CV-2650-M, 2013 WL 664708, at *7 (N.D. Tex. Feb. 4, 2013) (finding the defendant's recorded assignment negated plaintiff's allegations that he had superior title to the property pursuant to a warranty deed under claims to quiet title and trespass to try title). This is especially true where, as

[9] Plaintiff generally mentions a "second lien" in the Complaint which he alleges has matured. Such a lien is inconsequential to the foreclosure at issue because, as identified by Plaintiff himself, the foreclosure at issue concerns only the "first lien." *See* Doc. No. 1-4 at 8; *see also* **Exhibit B**.
[10] Doc. No. 1-4 at 11–21.

is the case here, Plaintiff has failed to tender the amount owed on the note following default.[11] *Miller v. CitiMortgage, Inc.*, 970 F.Supp.2d 568 (N.D. Tex. Sept. 5, 2013) (explaining a plaintiff must allege facts that he is "current on [his] mortgage payments" to successfully plead claims to quiet title and for trespass to try title); *see also Reynolds v. Bank of Am., N.A.*, No. 3:12-CV-1420-L, 2013 WL 796730, at *7 (N.D. Tex. Mar. 5, 2013). Because Plaintiff has failed to establish that he has superior claim to the property, his claims to quiet title and for trespass to try title should be dismissed.

### B. Plaintiff's Breach of Contract Claim Fails Because Plaintiff Failed to Allege any Specific Contract or Contractual Provision Breached.

To state a breach-of-contract claim in Texas, a "Plaintiff must show: (1) the existence of a valid contract, (2) performance or tendered performance by Plaintiff, (3) that Defendants breached the contract, and (4) that Plaintiff sustained damages as a result of said breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). "It is well-settled within this circuit that the plaintiff must [also] plead which provision of the contract the defendant violated." *Kim v. Nationwide Mut. Ins. Co.*, 614 F.Supp.3d 475, 492 (N.D. Tex. July 11, 2022) (first citing *Moore v. Town N. Auto., Inc.,* No. 3:14-CV-1215-D, 2014 WL 3396100, at *3 (N.D. Tex. July 11, 2014) (Fitzwater, C.J.); and then citing *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.,* 995 F.Supp.2d 587, 602 (N.D. Tex. Feb. 3, 2014)).

Here, Plaintiff generally claims that the Defendants breached an "agreement" without identifying which agreement, and the provisions of said agreement, that Defendants violated.[12] This failure, by itself, is a proper basis for dismissing Plaintiff's claim for failing to give Defendants fair notice of the grounds upon which Plaintiff's clam rests. *Booth v. U.S. Bank, N.A.*,

---

[11] Doc. No. 1-4 at 11.
[12] *See* Doc. No. 1-4 at 21–23..

No. 3:23-CV-02148-K-BN, 2024 WL 4546667, at *6 (N.D. Tex. Oct. 1, 2024), *report and recommendation adopted*, 2024 WL 4544118 (N.D. Tex. Oct. 22, 2024). Accordingly, the Court should dismiss Plaintiff's breach-of-contract for failing to state a claim.

### C. Plaintiff's Cause of Action under the Truth in Lending Act and Regulation Z Should Fail Because Plaintiff Fails to State a Plausible Claim for Relief.

The Truth in Lending Act ("TILA") and Regulation Z "require creditors in mortgage lending transactions to give numerous disclosures to the borrower, including the amount financed, the finance charge, the total sale price, and information regarding debt cancellation." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-82-N-BH, 2013 WL 4434913, at *5 (N.D. Tex. Aug. 19, 2013) (first citing 15 U.S.C. §§ 1638(a); then citing 15 U.S.C. § 1639(a); and then citing 12 C.F.R. §§ 226.1(a), 226.17–18). TILA specifically grants borrowers a private cause of action when a provision has been violated. *Id.* (citing 15 U.S.C. § 1605(a)). However, before a plaintiff can recover pursuant to such a cause of action, the plaintiff must first allege (1) the specific provisions in TILA and Regulation Z that obligate the defendant to disclose the underlying information; and (2) how that provision was violated. *Williams v. Chase Home Fin.*, No. 3:13-CV-1307-G (BH), 2014 WL 4707543, at *7 (N.D. Tex. Sept. 22, 2014) (citation modified).

Here, Plaintiff alleges that Defendants were obligated to inform Plaintiff regarding loan forbearance programs pursuant to Regulation Z and TILA.[13] However, Plaintiff fails to identify a provision under either Regulation Z or TILA that requires such a disclosure. *See Id.* (dismissing a plaintiff's claim that defendant failed to provide loan counseling and a loan modification under TILA and Regulation Z because she failed to identify "how these actions implicate TILA's and Regulation Z's disclosure requirements"); *see also Bagley v. PennyMac Corp.*, No. 3:16-CV-0420-N, 2016 WL 7190758, at *7 (N.D. Tex. Oct. 19, 2016), *report and recommendation adopted*, 2016

[13] Doc No. 1-4 at 26–27.

WL 7178999 (N.D. Tex. Dec. 9, 2016) (dismissing plaintiff's claim under TILA when plaintiff failed to allege that there was a violation of a specific TILA provision). Because Plaintiff failed to identify any provision violated by Defendants as provided by Regulation Z and TILA, Plaintiff has failed to state a claim, and his claims pursuant to Regulation Z and TILA should be dismissed.

### D. Plaintiff's Claims for Estoppel and Unclean Hands Should be Dismissed for Failing to State a Claim Upon which Relief Can be Granted.

Estoppel is an "affirmative defense[], and not a cause[] of action." *Smith v. JPMorgan Chase Bank, Nat. Ass'n*, No. 3:14-CV-2402-M-BN, 2014 WL 6790749, at *8 (N.D. Tex. Dec. 2, 2014) (citing *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988)). Similarly, the equitable doctrine of unclean hands is an affirmative defense that does not provide a cause of action. *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 994–95 (5th Cir. 2019). Because neither theory provides a cause of action, Plaintiff's cause of action under both theories should be dismissed for failing to state a claim.[14]

### E. Plaintiff's Claim Under the Texas Debt Collection Practices Act Fails Because it is Barred by the Doctrine of Res Judicata.

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Johnson v. Kroger Co.*, No. 3:08-CV-1714-P, 2010 WL 11618671, at *2 (N.D. Tex. Mar. 30, 2010) (quoting *Montana v. United* States, 440 U.S. 147, 153 (1979)). The doctrine will bar such claims if the following four elements are met: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004)).

---

[14] Doc. No. 1-4 at 27.

Here, Plaintiff claims that PHH violated the Texas Debt Collection Practices Act ("TDCPA") by attempting to collect charges incidental to the obligation under Texas Finance Code § 392.303(a)(2).[15] However, as Plaintiff ambiguously identifies in his Complaint, Plaintiff was a class member of a prior class action involving the same violations of Texas Finance Code § 392.303(a)(2) he complains of in the current action.[16] Specifically, Plaintiff was a member of a class action, stylized as *Poff v. PHH Mortgage Corporation*, Case No. 4:20-CV-04018, in which the class members claimed that PHH violated § 392.303(a)(2) when it issued the "pay-to-pay" fees Plaintiff complains of in the current action.[17] This class action concluded after the class members filed an Unopposed Motion for Final Approval of Class Action Settlement, which was subsequently granted by the Court in the form of a Final Judgment and Order of Dismissal with Prejudice on September 13, 2023.

Every element of res judicata has been met. First, both Plaintiff and PHH were parties in *Poff*. As identified in the final judgment, the settlement class included:

> all borrowers on residential mortgage loans involving mortgaged property located in the State of Texas who, between July 17, 2018 (the first day of the Class Period) and October 17, 2022, paid a Convenience Fee to Ocwen and/or PHH that was not refunded or returned. Excluded from the Settlement Class are (a) borrowers whose loans were included as class loans in the previously approved class action settlement in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019); (b) all persons who are potential members of the proposed FDCPA settlement action in *Morris, et al. v. PHH Mortgage Corp., et al.*, No. 0:20-cv-60633-RS (S.D. Fla.), whether or not those persons timely and validly exclude themselves from the *Morris* FDCPA settlement class; (c) borrowers who are or were named plaintiffs in any civil action other than this Action which challenges Convenience Fees charged by a PHH

---

[15] *See* Doc. No. 1-4 at 28–29.

[16] *See Id; see also Poff v. PHH Mortgage Corp.*, No. 4:20-CV-04018, 2023 WL 11983790 (S.D. Tex. Apr. 18, 2013).

[17] Defendants respectfully request that the Court take judicial notice of filings in *Poff v. PHH Mortgage* Corporation as they are public records. *See Barnhizer v. Am. Airlines, Inc.*, 2024 WL 4758821, at *2 (N.D. Tex. Nov. 12, 2024) (taking judicial notice of another court's prior proceedings at the 12(b)(6) stage to determine whether the plaintiffs' claims were barred by principles of res judicata). The documents Defendants ask the Court to notice include true and correct copies of the Amended Class Action Complaint (**Exhibit C-1**), the Stipulation of Settlement and Release (**Exhibit C-2**), the Unopposed Motion for Final Approval of Class Action Settlement (**Exhibit C-3**), and the Final Judgment and Order of Dismissal with Prejudice (**Exhibit C-4**).

> Defendant that was initiated against either PHH Defendant on or before October 31, 2022; (d) the PHH Defendants' board members and executive level officers' and (e) the federal district and magistrate judges assigned to this Action, along with persons within the third degree of relationship to them.[18]

This class of persons encompasses Plaintiff because: (1) he is a borrower who, like the Plaintiff attempts to do now, alleged that PHH required him to pay a "pay-to-pay" (i.e. Convenience) fee;[19] and (2) public records show that Plaintiff was not among the settlement class members who opted out of being a class member after being sent notice regarding his ability to do so.[20] *See Johnson*, 2010 WL 11618671, at *2 (finding the first element of the res judicata analysis has been met when the Plaintiff chose not to opt out of the class). Moving to the second element, the *Poff* court was a court of competent jurisdiction. As for the third element, the Final Judgment and Order of Dismissal with Prejudice specified that it would "have res judicata and collateral estoppel effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Settlement Class Members" for all released claims as defined in the settlement agreement.[21] "Released claims" was defined in the settlement agreement as "all of the claims [and] causes of action . . . that relate to or arise out of any Convenience Fees charged by" PHH for the relevant period.[22] Finally, the fourth and final element has been met because Plaintiff's current claim is the same claim involved in the class action. Because all four elements are present here, the Court should dismiss Plaintiff's claim under the TDCPA with prejudice.

---

[18] *See* **Exhibit C-4** at 3.
[19] Doc. No. 1-4, at 29.
[20] *See* **Exhibit C-3** at 63.
[21] **Exhibit C-4** at 4–5.
[22] **Exhibit C-2** at 14.

### F. Plaintiff's Common Law Fraud Claim and Negligent Misrepresentation Claim Fail Because They are Barred by the Economic Loss Rule.

To establish common law fraud in Texas, a plaintiff must show "(1) the defendant made a false material representation; (2) knowingly or recklessly; (3) that was intended to induce plaintiff to act upon the representation; and that (4) plaintiff actually and justifiably relied upon the representation and suffered injury." *In re Parker*, 655 Fed. Appx. 993, 997 (5th Cir. 2016) (quoting *Ernst & Young v. Pac. Mut. Life Ins.*, 51 S.W.3d 573, 577 (Tex. 2001)). Establishing a cause of action for negligent misrepresentation, on the other hand, requires showing that "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Tabor v. Wells Fargo Bank, N.A.*, No. 1:19-CV-192-LY-SH, 2019 WL 4724033, at *4 (N.D. Tex. Sept. 26, 2019), *report and recommendation adopted*, 2019 WL 13193920 (N.D. Tex. Oct. 28, 2019) (quoting *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).

Recovery under both negligent misrepresentation and common law fraud causes of action may be barred under the economic loss rule when the complained of injury resulted from the alleged failure "of a party to perform under a contract." *Id.* "In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: (1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.*, No. 3:05-CV-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006). Here, Plaintiff's fraud and negligent misrepresentation claims are based on an alleged breach of the Loan

agreement.[23] Specifically, Plaintiff complains that Defendants "breached the agreement by . . . allowing its agents to make misrepresentations as to the nature of quality of debt."[24] Because Plaintiff's claims arise from the contractual relationship with Defendants, Plaintiff's claims of common law fraud and negligent misrepresentation are barred and should be dismissed with prejudice for failing to state a claim.[25]

### G. Plaintiff's Negligence and Gross Negligence Claims Fail Because Defendants Did Not Owe a Legal Duty to Plaintiff and Because Plaintiff's Negligence Claims are Barred the Economic Loss Rule.

To establish a negligence claim under Texas law, a Plaintiff must show "(1) the existence of a duty; (2) a breach of that duty; and (3) damages proximately caused by the breach." *Davis v. Wells Fargo Bank, N.A.*, No. 3:13-CV-1759-N, 2014 12834800, at *4 (N.D. Tex. Sept. 23, 2014) (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 500 (Tex. 2005)). "In Texas, there is no common law duty of good faith and fair dealing in transactions between a mortgagee and a mortga[g]or." *Id.* (citing *Levels v. Merlino*, 969 F.Supp.2d 704, 717 (N.D. Tex. Sept. 3, 2013)). This is because there is "no special relationship between a mortgagor and mortgagee that would give rise to a stand-alone duty of good faith and fair dealing." *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed.Appx. 326, 329 (5th Cir. 2013).

Plaintiff's negligence claims fail because he has failed to establish that Defendants owed him a duty that would give rise to such claims.[26] However, even if Defendants owed a duty to

[23] *See* Doc. No. 1-4 at 22–23.
[24] Doc. No. 1-4 at 22.
[25] Plaintiff's claim under common law fraud also fails to meet the pleading requirements provided by Rule 8(a) and Rule 9(b) of the Federal Rules of Civil Procedure. *See Hand v. Trumball Ins. Co.*, No. 2:21-CV-135-BR, 2022 WL 22887537, at *3 (N.D. Tex. Aug. 12, 2022) ("Allegations of fraud . . . are subject to a more stringent pleading standard than other civil claims."). At a minimum, a fraud claim must provide "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they are fraudulent." *Id.* (quoting *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 796 (N.D. Tex. Mar. 11, 2009)). Here, Plaintiff fails to identify any statement made and why it was fraudulent. Accordingly, Plaintiff's common law fraud claim should be dismissed on this basis.
[26] *See* Doc. No. 1-4 at 28.

Plaintiff and said duty was breached, Plaintiff's negligence claims nevertheless fail because they are barred by the economic loss rule. Like Plaintiff's claims for common law fraud and negligent misrepresentation, Plaintiff's negligence and gross negligence claims are based on an alleged duty arising out of the Loan.[27] Additionally, Plaintiff primarily seeks to recover for alleged harm arising out of foreclosure of the underlying property.[28] Because Plaintiff's negligence "claims are not independent of the contract and no separate common-law duty exists as basis," Plaintiff has failed to state a claim for both negligence and gross negligence and his claims should be dismissed. *See Colbert*, 850 Fed. Appx. at 877.

### H. Plaintiff Fails to State a Claim Under the Deceptive Trade Practices Act Because Plaintiff is not a Consumer as Defined by the Act.

To successfully recover under the Deceptive Trade Practices Act ("DTPA"), a plaintiff must show that "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Holloway v. Wells Fargo Bank, N.A.*, No. 3:12-CV-2184-G (BH), 2013 WL 1187156, at *19 (N.D Tex. Feb. 26, 2013), *report and recommendation adopted,* 2013 WL 1189215 (N.D. Tex. Mar. 22, 2013) (quoting *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995)). "To qualify as a consumer, 'a person must have sought or acquired goods or services by purchase or lease' and 'the goods and services purchased or leased must form the basis of the complaint.'" *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 765 (N.D. Tex. Mar. 29, 2012) (quoting *Cameron v. Terrell & Garrett*, 618 S.W.2d 535, 539 (Tex. 1981)). Generally, a borrower is not a consumer under the DTPA because the lending of money is not a good or service. *Burch*

---

[27] *See Id.*

[28] While Plaintiff seeks an award of mental anguish, the Fifth Circuit has concluded that such a request, by itself, does not result in the economic loss rule being inapplicable. *Colbert v. Wells Fargo Bank, N.A.*, 850 Fed.Appx. 870, 876 (5th Cir. 2021).

*v. JPMorgan Chase Bank, N.A.*, No. 3:19-CV-0645-N-BH, 2019 WL 4919018, at *9 (N.D. Tex. Sept. 3, 2019), *report and recommendation adopted*, 2019 WL 4918100 (N.D. Tex. Oct. 4, 2019). "Although one who borrows money to buy a house can be a consumer under the DTPA because that person's objective is to buy a home, subsequent actions related to mortgage accounts—for example, extensions of further credit or modifications of the original loan—do not satisfy the 'goods or services' element of the DTPA." *Holloway*, 2013 WL 1187156, at *19 (quoting *Swim v. Bank of Am.*, No. 3:11-CV-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012)).

Here, Plaintiff's claim under the DTPA fails because he has not raised allegations that he is a consumer as provided by the act. Specifically, Plaintiff only complains of activity related to the servicing of the loan and the foreclosure of the property and not any activity related to the original sale of the property.[29] *See Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 (5th Cir. 2014) ("[Plaintiff] is not a consumer under this definition because the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction."). These allegations are "merely incidental" to the purchase of the property such that Plaintiff is not a consumer under the DTPA. *Gatling v. CitiMortgage, Inc.*, No. H-11-2879, 2012 WL 3756581, at *13 (S.D. Tex. Aug. 28, 2012) (finding issues associated with the administration of the loan after the original transaction to be incidental to the original purchase of the property). Because there are no allegations that Plaintiff is a consumer, he fails to state a claim for relief for violations of the DTPA and his claim should be dismissed.

---

[29] *See generally* Doc. No. 1-4.

### I. The Court Should Deny Plaintiff's Requests for Damages, Attorney's Fees, and Other Injunctive and Declaratory Relief.

Plaintiff's requests for attorneys' fees, damages, and other relief should be denied because Plaintiff failed to allege any viable claims that would allow for such an award. *See Val-Com Acquisitions Trust v. Wells Fargo Bank, Nat. Ass'n*, No. 3:10-CV-1331-L, 2011 WL 2517230, at *6 (N.D. Tex. June 23, 2011) (dismissing a plaintiff's request for declaratory and injunctive relief when the plaintiff failed to allege any viable claim); *Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 377 (5th Cir. 2021) (affirming district court's judgment denying attorney's fees where recovery of fees were premised on an unviable claim); *see also Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (noting that attorney's fees may only be recovered if a party "(1) prevail[s] on a cause of action for which attorney's fees are recoverable, and (2) recover[s] damages"). For these reasons, the Court should deny Plaintiff's requests for damages, attorney's fees, and other relief.[30]

## V. CONCLUSION

This is Plaintiff's second attempt at manipulating the system to obtain relief he does not deserve. Plaintiff's Complaint, which is virtually identical to the Complaint filed in his previous lawsuit ten months ago, was filed for the sole purpose of delaying Defendants' right to foreclosure under the Loan. Because Plaintiff fails to state a claim upon which relief can be granted, Defendants respectfully request that the Court Grant this Motion to Dismiss and that Plaintiff's claims be dismissed with prejudice. Defendants further request all relief, at law or in equity, to which it is entitled.

[30] Plaintiff also argues that rescission of the foreclosure sale is required under Section 51.016 of the Texas Property Code. Doc. No. 1-4, ¶ 56. However, Section 51.016 only "establishes the requirements for rescission of a non-judicial foreclosure sale." *Kingman Holdings, L.L.C. v. U.S. Bank, N.A.*, No. SA-15-CV-370-OLG, 2018 WL 1415772, at *6 (W.D. Tex. Mar. 21, 2018). It does not, as Plaintiff claims, provide authority to a borrower to enforce a rescission.

Dated: August 19, 2026

Respectfully submitted,

*/s/Maximiliano D. Elizondo*
**Robert T. Mowrey**
State Bar No. 14607500
rob.mowrey@troutman.com
**Matthew K. Hansen**
State Bar No. 24065368
matt.hansen@troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Maximiliano D. Elizondo**
State Bar No. 24142864
TROUTMAN PEPPER LOCKE LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800
Max.Elizondo@troutman.com

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, a true and correct copy of the foregoing instrument was served on the following individual according to the Federal Rules of Civil Procedure:

**Via U.S. Mail &**
**Email:jasonciarochi@gmail.com**
Jason Ciarochi
P.O. Box 29256
Dallas, Texas 75229
***Plaintiff (Pro Se)***

*/s/ Maximiliano D. Elizondo*
Counsel for Defendants