IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON CIAROCHI,<br>*Plaintiff/Counter-Defendant*,<br><br>v.<br><br>BANK OF NEW YORK MELLON and its successors and/or assigns, PHH MORTGAGE CORPORATION, and its successors and/or assigns; ONITY GROUP, INC., and its successors and/or assigns,<br>*Defendants/Counter-Plaintiffs* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-cv-2504-G-BK |

---

**DEFENDANTS' COUNTERCLAIM**

---

Pursuant to Federal Rule of Civil Procedure 13(a), Defendant/Counter-Plaintiffs Onity Mortgage Corporation f/k/a PHH Mortgage Corporation ("Onity") and Onity Group, Inc., ("Onity Group") ("Counter-Plaintiffs") file this Original Counterclaim against Counter-Defendant Jason Ciarochi ("Counter-Defendant"), and The Bank of New York Mellon Trust Company, N.A. fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, National Association, as Indenture Trustee for Residential Funding Mortgage Securities II, Inc., Home Equity Loan Trust 2005-HSA1, Home Equity Loan-Backed Term Notes, Home Equity Loan-Backed Variable Funding Notes ("Bank of New York Mellon Trust Company as Indenture Trustee") joins in this counterclaim pursuant to Federal Rules of Civil Procedure 13(h) and 20,[1] and respectfully show as follows:

[1] Although Bank of New York Mellon Trust Company as Indenture Trustee is not a "required party" for purposes of asserting its rights under the Loan, Bank of New York Mellon Trust Company as Indenture Trustee also joins this Counterclaim pursuant to Federal Rule of Civil Procedure 19. *See* TEX. PROP. CODE § 51.0025.

## I. PARTIES

1. Bank of New York Mellon Trust Company as Indenture Trustee is a national banking association with its main office located in Los Angeles, California. It is the wholly owned subsidiary of the Bank of New York Mellon Corporation, a publicly-traded Delaware corporation.

2. Counter-Plaintiff Onity Mortgage Corporation, formerly known as PHH Mortgage Corporation, is a New Jersey corporation with its principal place of business located in Mount Laurel, New Jersey. Defendant Onity Mortgage Corporation f/k/a PHH Mortgage Corporation is a wholly-owned subsidiary of PHH Corporation, which is a wholly-owned subsidiary of Counter-Plaintiff Onity Group, Inc., formerly known as Ocwen Financial Corporation, a publicly held company. Counter-Plaintiff Onity Group, Inc. is a Florida corporation with its principal place of business in West Palm Beach, Florida.

3. Counter-Defendant, Jason Ciarochi, is an individual residing at 3542 Waldorf Drive, Dallas, Texas 75229.

## II. JURISDICTION AND VENUE

4. This court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1367(a), and 1441 because there is complete diversity between Counter-Plaintiffs and the Counter-Defendant, the amount in controversy exceeds $75,000.00, and because Counter-Defendant asserted claims under state and federal law that share a common nucleus of operative facts.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because the Plaintiff/Counter-Defendant resides in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and the property at issue is situated in this district.

## III. FACTS

6. On or about August 12, 2005, for value received, Plaintiff/Counter-Defendant

executed that certain promissory note ("Note") in the original principal sum of $39,400.00 bearing interest at the rate of 9.500% per annum and originally payable to GreenPoint Mortgage Funding, Inc. ("GreenPoint"). A true and correct copy of the Note is attached hereto as **Exhibit A**. Concurrently with the execution of the Note, Plaintiff/Counter-Defendant executed a Deed of Trust (Secondary Lien) ("Security Instrument"). Together with the Note, the Security Instrument is hereafter referred to as the "Loan."

7. As a grantor, Plaintiff/Counter-Defendant granted Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and nominee for GreenPoint, its successors and assigns, a security interest in the real property commonly known as 3542 Waldorf Drive, Dallas, Texas 75229 (the "Property"), and being further described as follows:

> LOT 8 in BLOCK B/6435 of ROYAL HILLS ADDITION, FOURTH INSTALLMENT, an addition to the City of Dallas, Dallas County, Texas, according to the Map or Plat thereof recorded in Volume 26, Page 207 Map Records, Dallas County, Texas.

8. The Security Instrument was duly recorded in the official public records of Dallas County, Texas on August 16, 2005, under Instrument No. 200503474259. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

9. Subsequently, MERS as beneficiary and nominee for GreenPoint, its successors and assigns, transferred and assigned the Loan Agreement to Bank of New York Mellon Trust Company as Indenture Trustee. The Corporate Assignment of Deed of Trust was recorded in the official public records of Dallas County, Texas, on December 15, 2020, under Instrument No. 202000350182. A true and correct copy of the Corporate Assignment of Deed of Trust is attached hereto as **Exhibit C**.

10. Bank of New York Mellon Trust Company as Indenture Trustee is the current holder and owner of the Note and last beneficiary of the Security Instrument. Bank of New York

Mellon Trust Company as Indenture Trustee is also a mortgagee of the Loan Agreement, as defined by Texas Property Code § 51.0001(4). Counter-Plaintiffs are the servicer of the Loan Agreement, as defined by Texas Property Code § 51.0001(3).

11. Under the terms of the Loan, Counter-Defendant was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note by the Maturity Date, September 1, 2020.

12. Both before and after the Loan matured, Counter-Plaintiff made multiple demands seeking to recover for Counter-Defendants default under the terms of the Loan.

13. On April 17, 2025, Counter-Defendant was again advised that he was in default of his obligations under the Note for failing to pay all amounts due on the Maturity Date.

14. Counter-Defendant failed to make the payments on the Note by the maturity date. The Loan Agreement is in default and is due for the September 1, 2020, payment and all subsequent payments.

15. Through August 31, 2026, Counter-Defendant owes the following amounts to Counter-Plaintiffs under the Note: $30,534.46 in principal; $17,604.65 in accrued but unpaid interest; plus Counter-Plaintiffs' accruing legal fees, together with further interest accruing at the rate of $7.95 per diem from August 31, 2026, until the Note is paid in full; together with any fees, costs, and other charges assessable to the Counter-Plaintiffs under the Note.

16. The amounts due and owing to Counter-Plaintiffs by Counter-Defendant under the Note include, without limitation, costs incurred by Counter-Plaintiffs in collecting the sums due thereunder, including, without limitation, attorneys' fees and court costs.

17. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred to allow Counter-Plaintiffs to seek to recover its

indebtedness.

## IV. COUNTERCLAIM I – SUIT ON THE NOTE

17. Counter-Plaintiffs restate and incorporate by reference the allegations set forth in the preceding paragraphs of this Counterclaim.

18. Counter-Defendant is in default of its obligations to Bank of New York Mellon Trust Company as Indenture Trustee under the Note.

19. The Note became due and payable in full on the Maturity Date, or on September 1, 2020.

20. Despite Counter-Plaintiffs' demands, Counter-Defendant has failed to pay the amounts due under the Note.

21. Pursuant to the Note, Counter-Defendant promised to pay Counter-Plaintiffs all costs that it incurs in collecting the sums due thereunder, including, without limitation, attorneys' fees and court costs.

22. Counter-Plaintiffs have incurred, and continues to incur, costs and expenses, including attorneys' fees and expenses, in collecting the sums due under the Note, for which Counter-Defendant is liable.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Counter-Plaintiffs pray that, upon final hearing, it be granted the following relief:

a. Judgment in Counter-Plaintiffs' favor against Counter-Defendant for $30,534.46 in principal; $17,604.65 in accrued but unpaid interest; plus Counter-Plaintiffs' accruing legal fees, together with any fees, together with further interest accruing at the rate of $7.95 per diem from August 31, 2026, until the Note is paid in full;

together with any fees, costs, and other charges assessable to the Counter-Plaintiffs under the Note;

b. reasonable and necessary attorneys' fee;

c. pre- and post-judgment interest, as applicable;

d. costs; and

e. all other relief, in equity or law, to which Counter-Plaintiffs may be justly entitled.

Dated: August 31, 2026

Respectfully submitted,

*_/s/Maximiliano D. Elizondo_*
**Robert T. Mowrey**
State Bar No. 14607500
rob.mowrey@troutman.com
**Matthew K. Hansen**
State Bar No. 24065368
matt.hansen@troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Maximiliano D. Elizondo**
State Bar No. 24142864
TROUTMAN PEPPER LOCKE LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800
Max.Elizondo@troutman.com

**COUNSEL FOR COUNTER-PLAINTIFFS/DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2026, a true and correct copy of the foregoing instrument was served on the following individual according to the Federal Rules of Civil Procedure:

**Via U.S. Mail & Email: jasonciarochi@gmail.com**
Jason Ciarochi
P.O. Box 29256
Dallas, Texas 75229
***Plaintiff (Pro Se)***

*/s/ Maximiliano D. Elizondo*
Maximiliano D. Elizondo